IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESCO INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>CUMIS INSURANCE SOCIETY, INC.,<br><br>       Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Defendant CUMIS Insurance Society, Inc. ("CUMIS"), by and through its undersigned counsel, hereby removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, CUMIS states as follows:

### I. COMMENCEMENT OF ACTION

1. On October 15, 2024, Plaintiff Wesco Insurance Company filed a civil action, *Wesco Insurance Co. v. CUMIS Insurance Society, Inc.*, Index No. 655437/2024, in the Supreme Court of the State of New York, New York County (the "State Court Action"). A true and correct copy of the Summons and Complaint in the State Court Action is attached as Exhibit A.

2. In the State Court Action, Plaintiff seeks declarations that CUMIS has a duty to defend and indemnify UHAB Housing Development Fund Corporation ("UHAB") for claims asserted against UHAB by Timothy Miller in an action captioned *Timothy Miller v. UHAB Housing Development Fund Corporation, et al.*, pending in the Supreme Court of the State of New York, Kings County, under Index No. 528913/2021 (the "Underlying Lawsuit"). Ex A. at p. 4 of 5. Plaintiff also seeks a declaration that its coverage for UHAB for the claims in the Underlying

1

Lawsuit is excess to CUMIS's coverage, for all amounts Plaintiff has incurred and will incur defending and, if necessary, indemnifying UHAB in the Underlying Lawsuit. *Id*. at pp. 4 and 5 of 5.

## II. TIMELINESS OF REMOVAL

3. As required by 28 U.S.C. § 1446(c)(1), this Notice of Removal is filed within one year of the commencement of the action.

4. A true and correct copy of all process, pleadings, and orders served upon CUMIS as required by 28 U.S.C. § 1446(a) is attached as Exhibit B.

5. The initial pleading in the State Court Action seeks nonmonetary relief and a monetary judgment in an unspecified amount. Ex. A. at p. 5 of 5.

6. CUMIS attempted to obtain information from Plaintiff about the amount in controversy, including by serving a Demand for Bill of Particulars on December 4, 2024, and First Requests for Production of Documents on February 20, 2025, which sought information about the value of defense and indemnity of the claims in the Underlying Lawsuit. Plaintiff failed to substantively respond to these requests except to provide that it had spent $32,508.45 on defense costs as of January 23, 2025, which Plaintiff has not updated. True and accurate copies of Plaintiff's responses and objections to the Demand for Bill of Particulars and First Requests for Production are attached as Exhibit C.

7. On March 6, 2025, Plaintiff filed a Motion for Summary Judgment that included a Verified Bill of Particulars served in the Underlying Lawsuit. Ex. B at pp. 561-569. The Verified Bill of Particulars states that Mr. Miller is seeking approximately $35,000 for hospital expenses, $25,000 for physicians' services, $250 for medicine and supplies, and over $8,000,000 in other special damages from UHAB in the Underlying Lawsuit. *Id*. at p. 566.

8. This Notice of Removal is filed within 30 days after "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

### III. JURISDICTIONAL GROUNDS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 28 § 1332(a)(1).

10. Plaintiff did not plead its citizenship in the State Court Action. However, based on public information, Plaintiff is incorporated in Delaware with its principal place of business in New York. Thus, Plaintiff is a citizen of Delaware and New York for purposes of diversity jurisdiction. "Pursuant to § 1332(c), a corporation is deemed a citizen of both the state by which it has been incorporated and the state where it has its principle place of business." *Arabesque v. Capacity LLC*, No. 07 Civ.2042(TPG), 2008 WL 681459, *2 (S.D.N.Y. March 10, 2008).

11. CUMIS is incorporated in Wisconsin with its principal place of business in Iowa. Thus, it is a citizen of Wisconsin and Iowa for purposes of diversity jurisdiction. *See, id.*

12. The initial pleading does not specify the amount of damages Plaintiff seeks from CUMIS. *See generally,* Ex. A. Rather, Plaintiff demands to be reimbursed for the costs of defense and indemnity of UHAB in the Underlying Lawsuit, which has not reached trial yet. *Id.* at p. 5 of 5.

13. On March 6, 2025, Plaintiff served CUMIS with a Verified Bill of Particulars from the Underlying Lawsuit, indicating that Mr. Miller is seeking over $8,000,000 in damages from UHAB in the Underlying Lawsuit. Ex. B at p. 566. Accordingly, the amount in controversy exceeds the sum or value of $75,000, the jurisdictional requirement of 28 U.S.C. § 1332(a).

3

14. In light of the above, the State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), permitting CUMIS to remove the action to this Court pursuant to 28 U.S.C. § 1441(b) because it is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## IV.    VENUE

15. Removal of this action to the United States District Court for the Southern District of New York is proper pursuant to 28 U.S.C. § 1441(a) because it was filed initially in the Supreme Court of the State of New York, New York County.

## V.    REMOVAL REQUIREMENTS

16. For the reasons set forth herein, removal to this Court is appropriate under 28 U.S.C. § 1446(a).

17. CUMIS will promptly serve this Notice on Plaintiff and file a copy with the Clerk of the Supreme Court of the State Of New York, New York County pursuant to 28 U.S.C. § 1446(d).

18. This Notice is signed in accordance with Federal Rule of Civil Procedure 11.

19. Copies of all pleadings, process and orders served upon CUMIS in this action are attached hereto in accordance with 28 U.S.C. § 1446(a).

20. By removing this action to this Court, CUMIS does not waive any defenses, objections, or motions available to CUMIS under state or federal law.

WHEREFORE, Defendant CUMIS removes this action to the United States District Court, Southern District of New York.

Dated: March 17, 2025
       New York, New York       DENTONS US LLP

By: */s/ Deborah H. Renner*
Deborah H. Renner
1221 Avenue of the Americas
New York, NY  10020
(312) 876-8220
deborah.renner@dentons.com

*Counsel for Defendant CUMIS Insurance Society, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document, with exhibits, was served via Federal Express and email on the following:

Max W. Gershweir
GUNNERCOOKE US LLP
475 Park Avenue South – 23rd Floor
New York, New York 10016
max.gershweir@gunnercooke.com
*Attorneys for Plaintiff*

*/s/ Deborah H. Renner*
Deborah H. Renner

6