# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
                                                            :
WESCO INSURANCE COMPANY,                                    :    Index No.:
                                                            :
                            Plaintiff,                      :    **SUMMONS**
                                                            :
       - against -                                          :
                                                            :
CUMIS INSURANCE SOCIETY, INC.,                              :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------x

To the Defendant(s):

    YOU ARE HEREBY SUMMONED in a civil action in the Supreme Court of the State of New York, instituted by the above-named Plaintiff, and required to serve upon the attorney for plaintiff, whose name and address appears below, an answer to the attached complaint within 20 days after service of the Summons and Complaint upon you, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York). If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint.

Place of Trial:     New York County
Basis of Venue:     Plaintiff Wesco's principal place of business in New York, 59 Maiden Lane, New York, New York

Dated:   New York, New York
         October 15, 2024

                                                   GUNNERCOOKE US LLP

                                                   _____
                                                   Max W. Gershweir, Esq.
                                                   Attorneys for Plaintiff
                                                   475 Park Avenue South – 23rd Floor
                                                   New York, New York 10016
                                                   646.440.8375

TO:    CUMIS Insurance Society, Inc.
       c/o New York Department of Financial Services

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
WESCO INSURANCE COMPANY,

                       Plaintiff,

- against -

CUMIS INSURANCE SOCIETY, INC.

                       Defendant.
------------------------------------------------------------------x

Index No.:

**COMPLAINT**

Plaintiff Wesco Insurance Company ("Wesco"), by its attorneys, Gunnercooke US LLP, as and for its complaint against defendant CUMIS Insurance Society, Inc. ("CUMIS"), respectfully alleges, upon information and belief:

1. Wesco is a foreign corporation authorized to issue certain policies of insurance in the State of New York.

2. CUMIS is a foreign corporation authorized to issue certain policies of insurance in the State of New York.

3. At all times relevant herein, UHAB Housing Development Fund Corporation ("UHAB") owned the premises located at 2285 2nd Avenue, New York, New York ("the Premises").

4. At all times relevant herein, UHAB leased the Premises to Lower East Side People's Federal Credit Union ("the Credit Union").

5. Timothy Miller ("Miller") sued UHAB and the Credit Union in an action captioned *Timothy Miller v. UHAB Housing Development Fund Corporation, et al.*, in

the Supreme Court of the State of New York, Kings County, under Index No. 528913/2021 ("the Underlying Action").

6. In the Underlying Action, Miller seeks damages for injuries he allegedly sustained on February 22, 2021, when he slipped and fell on a portion of the public sidewalk abutting the Premises, due to UHAB and the Credit Union's negligent failure to properly maintain the sidewalk.

7. CUMIS issued to the Credit Union, as lessee of the Premises, an insurance policy numbered 004577, effective October 4, 2020, to October 4, 2021, providing commercial general liability coverage subject to the policy's terms and conditions ("the CUMIS Policy").

8. The CUMIS Policy includes an endorsement identifying UHAB as an additional insured "with respect to 'bodily injury' . . . arising out of the ownership, maintenance or use of" the Premises.

9. Wesco issued an insurance policy to UHAB, as the Premises owner, bearing policy number WPP1595109-03, which was in effect on February 22, 2021, providing commercial general liability coverage subject to the policy's terms and conditions ("the Wesco Policy").

10. Wesco, through its agents, has demanded that CUMIS defend and indemnify UHAB in the Underlying Action as an additional insured under the CUMIS Policy.

11. CUMIS has failed to agree to defend or indemnify UHAB in the Underlying Action.

12. Wesco has defended UHAB to date in the Underlying Action due to CUMIS's failure to do so.

### As and for a First Cause of Action

13. Wesco repeats all previous allegations made herein.

14. UHAB and/or Wesco have complied with all conditions precedent to coverage for UHAB under the CUMIS Policy.

15. The Underlying Action complaint's allegations raise the possibility that UHAB's liability, if any, will arise out of the ownership, maintenance or use of the Leased Premises.

16. Wesco is thus entitled to a judgment declaring that CUMIS has a duty to defend UHAB in the Underlying Action as an additional insured under the CUMIS Policy.

### As and for a Second Cause of Action

17. Wesco repeats all previous allegations made herein.

18. Any liability UHAB may incur in the Underlying Action will necessarily arise out of the ownership, maintenance or use of the Leased Premises.

19. Wesco is thus entitled to a judgment declaring that CUMIS has a duty to indemnify UHAB in the Underlying Action as an additional insured under the CUMIS Policy.

### As and for a Third Cause of Action

20. Wesco repeats all previous allegations made herein.

21. The coverage provided to UHAB under the Wesco Policy is excess to the coverage provided it under the CUMIS Policy as respects the Underlying Action based on the policies' respective "other insurance" clauses.

22. Wesco is therefore entitled to a declaratory judgment to that effect and to recover from CUMIS, as CUMIS's implied indemnitee through their relative mutual obligations to UHAB, all amounts it has incurred and will incur defending and, if necessary, indemnifying UHAB in the Underlying Action.

**WHEREFORE**, Wesco demands that the Court issue a judgment against CUMIS:

1. declaring that CUMIS has a duty to defend UHAB in the Underlying Action;

2. declaring that CUMIS has a duty to indemnify UHAB in the Underlying Action;

3. declaring that UHAB's coverage under the Wesco Policy is excess to its coverage under the CUMIS Policy as respects the Underlying Action;

4. awarding Wesco all amounts it has incurred and will incur defending and, if necessary, indemnifying UHAB in the Underlying Action, plus statutory interest; and

5. granting such other relief as the Court deems proper.

Dated:  New York, New York
        October 15, 2024

                                    GUNNERCOOKE US LLP

                                    _____
                                    Max W. Gershweir, Esq.
                                    Attorneys for Plaintiff
                                    475 Park Avenue South – 23rd Floor
                                    New York, New York 10016
                                    646.440.8375